In decisions Nos. 1–71: Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■   In the Matter of the Claim of FELICIA STIMBURIS, Respondent, v. LEVITON MFG. Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision of the Workmen's Compensation Board which denied an application to reduce an award from $7,500 to $5,000, and from a decision holding the carrier liable for 450 medical treatment days subsequent to March 12, 1944, the date when claimant became totally and permanently disabled from silicosis.   On October 31, 1956 the board found that claimant became totally and permanently disabled on March 12, 1944 from silicosis and made the maximum lump sum award of $7,500 under former article 4-A of the Workmen's Compensation Law.   The award was allocated from March 20, 1944 to August 25, 1950 at the rate of $22.33 per week.   Upon appeal to this court the award was reversed upon the ground the claim was barred by section 123 (5 A D 2d 209).   The Court of Appeals (5 N Y 2d 360) reversed on the ground that it was not really a stale claim but the correction of a board mistake, and reinstated the award of $7,500.   At no time up to this point had appellants raised any question as to the amount of the award.   Following the judgment of the Court of Appeals the appellants applied to have the award reduced to $5,000 on the ground that such a maximum was in effect on the date of the disablement, March 12, 1944.   The maximum was increased to $7,500 by chapter 607 of the Laws of 1946, effective July 1, 1946.   This was during the award period allocated to the lump sum award, and the higher maximum is applicable to open and pending cases.   (Matter of Schmidt v. Wolf Contr. Co., 269 App. Div. 201, affd. 295 N. Y. 748.)   Moreover, when the Court of Appeals reinstated the award of $7,500 it became the law of the case.   The question could have been raised on the previous appeals.   There would be no finality of litigation if a litigant were permitted to take a case to the State's highest court and then raise a new question in the original tribunal and start all over again. The decision fixing liability for 450 days of medical treatment, pursuant to former section 68 of the Workmen's Compensation Law, presents a different situation.   That decision was not made until after the previous appeals and appears for the first time in the decision appealed from here.   Former section 68 prescribed detailed procedure for fixing liability for medical treatment, including consideration by the board of recommendations contained in a report submitted by the committee of expert consultants.   The required procedure was not followed by the board.   The record does not disclose just what medical treatment was rendered, or whether it amounted to 450 days during the award period or not.   There may be medical bills unpaid during that period or bills paid by claimant for which reimbursement may be in order.   However, the record must be developed to demonstrate that fact.   Appellant carrier cannot be liable for medical treatment subsequent to the award period.   Consequently, the general decision that "the State Fund is liable for 450 medical treatment days subsequent to March 12, 1944" must be reversed.   The decision denying the application to reduce the award from $7,500 to $5,000 is affirmed, with one bill of costs to be divided between respondents filing a brief.   The decision fixing liability for 450 medical treatment days is reversed, without costs, and the matter remitted to the Workmen's Compensation Board.